<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

JOSHUA STALLINGS,

               Plaintiff,

               v.

THE STATE OF NEW JERSEY, et al.,

               Defendants.

Case No. 23-2698 (BRM) (AME)

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Joshua Stallings ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Based on his Affidavit of Indigence (ECF No. 1-3), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint is **DISMISSED** in its entirety.

    **I.**    **BACKGROUND**

The Court construes the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is currently housed at Essex County Correctional Facility, in Newark, New Jersey. (ECF No. 1-1.) Plaintiff

brings this civil rights action, pursuant to 24 U.S.C. § 1983, against defendants State of New Jersey, New Jersey Superior Court, Municipal Court of Elizabeth County, Union County Prosecutor's Office, Elizabeth Police Department, Superior Court Judge Thomas K. Isnhour, Municipal Court Judge Govan, Officer Alexandor Gonzalez, Officer Heller, Officer L. James, Prosecutor Alexander Rasi, and Prosecutor Cynthia Rigor ("Defendants"). (*See* ECF No. 1.)

The allegations in Plaintiff's Complaint are difficult to decipher. Giving *pro se* Plaintiff the benefit of every doubt, the Court construes Plaintiff's allegations as best it can. The Complaint alleges defendant Gonzalez conducted a twelve (12) day investigation, starting December 28, 2020, which resulted in the execution of a search warrant outside of the Union County jurisdiction on January 8, 2021. (ECF No. 1 at 2.) Defendant Gonzalez stated under oath that Plaintiff and his "property" were involved in three controlled marijuana buys with a reliable informant known as "Source A," which "gave probable cause to issue a search warrant for a location [in Essex County] outside of the jurisdiction of Union County." (*Id.*) The Complaint alleges that "Source A" is not real and defendant Gonzalez lied to secure a search warrant. (*Id.*) Plaintiff argues that the search warrant has "no wet signature from a judge it was typed" and had no "court seal nor time and date stamped." (*Id.* at 3.) Plaintiff claims defendants Prosecutor Rasi and Gonzalez lied to defendant Superior Court Judge Isnhour, who abandoned his judicial role and granted a search warrant for outside the Union County jurisdiction, instead of reviewing defendant Gonzalez's investigation and "Source A." (*Id.*)

Plaintiff alleges that a search warrant was issued in Union County for Essex County that had no nexus to any criminal activity, and when the search warrant was executed, police officers planted guns on Plaintiff. (*Id.*) Plaintiff claims defendant Heller led the illegal search and seizure. (*Id.*)

While the Complaint is unclear, Plaintiff appears to allege the prosecutor's office violated his Sixth Amendment speedy trial rights. (*Id.* at 2.) The Complaint submits Plaintiff is being unlawfully detained, when there is "no proof of [him] doing these 3 alleged controlled marijuana buys with this reliable informant known at "Source A." (*Id.* at 2.)

It appears Plaintiff is stating that he was also charged with a federal crime in the District of New Jersey, and defendants Municipal Court Judge Govan and Prosecutor Rigor detained Plaintiff without scheduling a hearing, causing Plaintiff's federal bail to be revoked. (*Id.* at 4.) The Court construes the Complaint as alleging defendants Judge Govan and Prosecutor Rigor detained Plaintiff based on an "alleged probation violation" and have continued to reschedule court dates in an effort to subject Plaintiff to a lengthy pretrial detention. (*Id.*) Plaintiff alleges that defendants Judge Govan and Prosecutor Rigor have tried to commit fraud to get Plaintiff to admit that he violated his probation when he was placed on federal house arrest and failed to notify his probation officer. (*Id.* at 5.) Plaintiff claims he was detained from 2019 through 2023, and the State of New Jersey has dismissed all charges against him. (*Id.* at 4.) Those dismissed charges are now pending federal charges on the same case. (*Id.*) While Plaintiff submits that the charges were dismissed against him, he also requests the relief of "dismiss[al] of this probation violation" and "vacat[ion] [of the] detention order." (*Id.* at 10.) Plaintiff also alleges that his "DWI charge was dismissed due to the violation of [Plaintiff's] right to a speedy trial." (*Id.* at 8.)

## II.   LEGAL STANDARD

### A.  Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),

seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit
in equity, or other proper proceeding for redress. . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, "the violation of a right secured by the Constitution and laws of the United States" and, second, "the alleged deprivation was committed or caused by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Entity Defendants

The Court begins with the entity defendants State of New Jersey, Elizabeth Police Department, and Union County Prosecutor's Office. Plaintiff names the State of New Jersey and the Elizabeth Police Department as Defendants. These defendants are not considered "persons" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825–26 (D.N.J. 1993); *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 214 (3d Cir. 2010). Union County Prosecutor's Office is also not considered a "person" subject to § 1983 liability. *Henry v. Essex Cnty. Prosecutor's Office*, 2017 WL 1243146, at *3 (D.N.J. 2017) (citing *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (dismissing constitutional violation claims against the county prosecutor's office because it is not a person under § 1983); *Nugent v. County of Hunterdon*, 2010 WL 1949359, at *1 (D.N.J. 2010) ("[U]nder New Jersey law, a county prosecutor's office does not have a separate legal existence apart from the individual prosecutors or the governmental entity that the prosecutors serve. Therefore, New Jersey courts have consistently held that a county prosecutor's office is not a suable entity under § 1983."). Therefore, Plaintiff's § 1983 claims against the State of New

Jersey, Elizabeth Police Department, and Union County Prosecutor's Office are dismissed with prejudice for failure to state a claim upon which relief may be granted.

### B. Judicial Immunity

Plaintiff names New Jersey Superior Court Judge Thomas K. Isnhour and Municipal Court Judge Govan as Defendants. Plaintiff alleges Judge Isnhour granted an unlawful search warrant and Judge Govan unlawfully ordered Plaintiff be detained.

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Additionally, both judges of general and limited jurisdiction, including municipal court judges, are entitled to judicial immunity. *See id.* at 441 (concluding that municipal court judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity).

There are two circumstances where a judge's immunity from civil liability may be overcome. The exceptions to the judicial immunity doctrine are narrow in scope and infrequently applied. The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see Figueroa*, 208 F.3d at

440. The second exception involves actions that, though judicial in nature, are taken in the complete absence of jurisdiction. *Mireless*, 502 U.S. at 11; *Figueroa*, 208 F.3d at 440.

Neither exception is applicable here. The only allegations Plaintiff makes against Judges Isnhour and Govan are allegations arising from judicial determination they made in the course of Plaintiff's underlying state court criminal proceedings. Therefore, Judges Isnhour and Govan are entitled to immunity and Plaintiff's claims against them will be dismissed for failure to state a claim. *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity.")

### C.  New Jersey Municipal Courts and Superior Courts

Plaintiff names Elizabeth Municipal Court and New Jersey Superior Courts as Defendants. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. "Generally, a suit by private parties seeking to impose a liability that must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless that immunity is waived by the state itself or by federal statute." *Baratta v. City of New Brunswick*, No. 10-1020, 2010 WL 4867390, at *6 (D.N.J. Nov. 23, 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Eleventh Amendment protects states and their agencies and departments from suit in federal court irrespective of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Moreover, absent consent by a state, the Eleventh Amendment bars suits for money damages against state officers in their official capacities in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340 (1979). Additionally, "neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983." *Baratta*, 2010 WL 4867390, at *6; *Will*, 491 U.S. at 70–71; *Grabow v. So. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (ruling that New Jersey Department of Corrections is not a person under § 1983).

 Here, Plaintiff names Elizabeth Municipal Court and New Jersey Superior Courts as Defendants. This Court finds that the Eleventh Amendment protects Elizabeth Municipal Court and New Jersey Superior Courts from monetary liability. Municipal courts provide judicial services, an area in which local governments are typically treated as "arm[s] of the State" for Eleventh Amendment purposes, *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977), and enjoy the same immunity from suit as states. *See*, *e.g.*, *Callahan v. Philadelphia*, 207 F.3d 668, 670–74 (3d Cir. 2000) (ruling that municipal court is "arm of the State" entitled to Eleventh Amendment immunity). Therefore, this Court dismisses the Complaint insofar as it asserts federal claims against Elizabeth Municipal Court, as it is immune from suit under the Eleventh Amendment.

Moreover, this Court finds that New Jersey Superior Court is also an "arm" of the state entitled to share in the state's sovereign immunity. *See Johnson v. State of N.J.*, 869 F. Supp. 289, 296-97 (D.N.J. 1994) (finding New Jersey Superior Court is an "arm" of the state and that plaintiff's claim for damages against the New Jersey Superior Court was barred by the Eleventh

Amendment). Consequently, this Court dismisses all allegations against the New Jersey Municipal Courts and New Jersey Superior Courts with prejudice.

### D. Unlawful Search

Plaintiff argues defendants Gonzalez and Hellar unlawfully searched Plaintiff. Plaintiff claims defendant Gonzalez lied about the "reliable informant . . . Source A" in order to secure a search warrant. The only allegation against defendant Hellar in the Complaint submits that he led the illegal search.

Section 1983 claims are governed by the applicable state's statute of limitations for personal-injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14–2. Therefore, Plaintiff's § 1983 claims are governed by a two-year statute of limitations. *See Cito*, 892 F.2d at 25. The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

New Jersey law governs when accrual of a § 1983 claim may be delayed pursuant to the discovery rule and when a limitation period may be equitably tolled. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The discovery rule postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person. *See Caravaggio v. D'Agostini*, 765 A.2d 182, 187 (N.J. 2001). "[E]quitable tolling may be applied where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass' or where a plaintiff

"has in some extraordinary way been prevented from asserting his rights," or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *Freeman v. State*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div.) (internal citations and quotations omitted). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

Plaintiff's unlawful search claim accrued, and the limitation period began to run, at the time Plaintiff was injured on January 8, 2021. *Mujaddid v. Wehling*, 663 F. App'x 115, 119 (3d Cir. 2016) (explaining unlawful search claims accrue at the time of injury); *Rolax v. Whitman*, 53 F. App'x 635, 637 (3d Cir. 2002) (unlawful search claim accrues at time of search). Plaintiff did not sign his Complaint until April 26, 2023. Therefore, Plaintiff's claim appears well and truly time barred and is dismissed without prejudice as such.

In addition to being time-barred, Plaintiff's allegation fails to state a plausible claim for relief. The Fourth Amendment provides, in pertinent part, that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable search and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. As such, "a search or seizure conducted without a warrant or probable cause may form the basis of a § 1983 claim based on the Fourth Amendment." *Castro v. Perth Amboy Police Dept.*, 2014 WL 229301, at *2 (D.N.J. Jan. 21, 2014) (citing *Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010)).

Plaintiff alleges the Defendant Gonzalez "lied" about an informant, which was the basis for probable cause.  This allegation is a conclusory one. Plaintiff fails to provide any facts regarding the informant and why Plaintiff believes defendant Gonzalez lied about the informant. Regarding defendant Hellar, the Complaint submits only that he led the search of Plaintiff. Plaintiff

admits there was a search warrant and does not indicate that defendant Hellar would have known that the warrant may not have been based on probable cause. Accordingly, the claim for unlawful search and seizure against defendants Gonazlez and Hellar are dismissed without prejudice.

### E.  False Arrest/ False Imprisonment

Plaintiff indicates that he is bringing a kidnapping claim, which the court construes as a false arrest or a false imprisonment claim. To state a claim for false imprisonment, a plaintiff must establish: (1) that he was detained; and (2) that the detention was unlawful. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Conversely, "[f]alse arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

The allegations in the Complaint fail to specify what crime Plaintiff is arguing he was falsely arrested for, nor does Plaintiff provide facts to indicate which crime Defendants falsely imprisoned Plaintiff on. Plaintiff alleges there was no evidence of controlled marijuana buys, but he does submit whether he was arrested based on those marijuana buys or as the result of the search of his person and property. The Complaint also fails to indicate if Plaintiff has been detained on those charges, as Plaintiff seems to indicate that he was detained for three years for a probation violation. Finally, Plaintiff does not indicate which Defendants were responsible for his arrest and detention. In fact, Plaintiff appears to allege defendant Gonzalez was the arresting officer for a previous arrest of Plaintiff, but not the one at issue here. (*See* ECF No. 1 at 3.) Despite considering

the facts in the Complaint and drawing all reasonable inferences in Plaintiff's favor, the Court concludes the allegations are insufficient to support claims for false arrest or false imprisonment.

### F. Malicious Prosecution

Plaintiff indicates that he is raising a malicious prosecution claim. The Court construes this claim as being raised against defendant Prosecutor Rigor. Plaintiff submits defendant Rigor detained Plaintiff without scheduling a hearing and tried to commit fraud to get Plaintiff to admit that he violated his probation.

Malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). To state a claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* (internal citations omitted).

That the criminal proceedings terminated in Plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). The favorable termination element is only satisfied if the criminal case was "disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). "The purpose of the favorable termination requirement is to avoid 'the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention

of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* (alteration omitted) (quoting *Heck*, 512 U.S. at 484.)

The Complaint mentions Plaintiff being arrested based on drug transactions, being held on a probation violation, and having had federal charges against him. While it appears defendant Rigor may have been involved in Plaintiff's probation violation, Plaintiff fails to provide specific facts regarding which charges defendant Rigor was involved in. Plaintiff also fails to provide facts if defendant Rigor initiated the proceedings against Plaintiff or how defendant Rigor acted maliciously. Finally, while the Complaint mentions charges were dismissed, it is not clear which charges were dismissed or if Plaintiff was found innocent of charges against him. Plaintiff's malicious prosecution claim is dismissed without prejudice for failure to state a claim.

## G.  Personal Involvement

The Complaint names Officer L. James as a defendant. (ECF No. 1 at 1.) However, defendant James is not named in the body of the Complaint. Plaintiff fails to include any allegations against defendant James. (*See generally id.*)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.). Plaintiff has failed to allege personal involvement by defendant James. Thus, any claim against defendant James is dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

## H.  Failure to Comply with Rule 8

Plaintiff indicates that he is bringing claims of breach of contract, breach of fiduciary duty, fraud, legal mail practice, and selective prosecution.

A complaint must satisfy Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Even liberally construing the Complaint, the Court is unable to discern with sufficient clarity Plaintiff's breach of contract, breach of fiduciary duty, fraud, legal mail practice, and selective prosecution claims against each defendant. Moreover, the Complaint fails to provide fair notice of the ground on which he intends to rest his claims. As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Accordingly, the Court dismisses without prejudice Plaintiff's Complaint as to these remaining claims for failure to state a claim upon which relief may be granted and for failure to comply with Fed. R. Civ. P. 8.

#### IV.   CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.[1] Plaintiff's claims against Defendants State of New Jersey, Elizabeth Police Department, Union County Prosecutor's Office, New Jersey Superior Court Judge Thomas K. Isnhour, Municipal Court Judge Govan, New Jersey Municipal Courts, and New Jersey Superior Courts are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court **GRANTS** Plaintiff leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 20, 2023

---

[1] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.").